Green, J.,
We think the learned court below was clearly right in holding the parol evidence insufficient to change the written agreement between the parties. The contract, of course, *71 spoke for itself, and it was admitted by tbe plaintiff, and fully proved, that the defendant had paid the full amount required by the contract and a considerable sum in addition. The plaintiff undertook to show that there was a parol agreement different from the written one, but he gave no testimony on this subject except his own, and that was positively and emphatically contradicted by the defendant. We have so often held that a written contract cannot be changed when the testimony is in this condition that it is entirely unnecessary to cite the authorities.
Nor do we find any circumstances in the case corroborating the plaintiff’s evidence in this regard. The fact that the defendant paid more than the contract called for proves nothing. He might well do so in order to get his house completed. That is the explanation he gives of it, and it quite meets and accounts for the fact itself. The plaintiff does not testify that these payments in excess were made in pursuance of any demand by him that he was entitled to them under any parol contract. The defendant says he could not get his house finished without paying these additional sums, and that he might as well pay them to the plaintiff as to any other carpenter. The fact that the defendant saw and knew that the work was going on, and made no objection, proves nothing whatever in corroboration of the theory that there was a parol contract different from the written one. He had a right, under the written contract, to a full performance, and therefore a full performance by the plaintiff proved nothing more than that, he was complying with the written contract. Of course, the testimony of the plaintiff as to the reason given by defendant for limiting the amount to $525, so he could show the paper to his wife, and satisfy her for not giving the contract to her brother-in-law, is all denied by the defendant, and goes for nothing.
There is nothing else offered in the testimony or in the argument to defeat the written agreement, and, of course, that contract must stand.
These views cover the first, second, sixth and seventh assignments. There is no merit in the others. Whether Mr. Boring was married to the defendant’s wife’s sister, and whether he was in Lancaster at a certain time, were matters totally irrelevant. The question overruled in the fifth assignment was entirely too general, and did not relate to the time the contract was executed or before. As to the eighth and ninth assignments, it was of no consequence where the plaintiff’s work was done. He was paid all that the contract required, and a considerable amount besides. As we have held, he was bound by the contract; he could recover nothing more, no matter where the work was done.
Judgment affirmed. W. M. S., Jr.